UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~

RODNEY FRAZIER,
                           Plaintiff,
           vs.                      5:08-CV-914
                                            (DNH/DEP)
KARI ARMSTRONG, Assistant District Attorney,

                        Defendant.

~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~

APPEARANCES:                  OF COUNSEL:

RODNEY FRAZIER
Plaintiff, *pro se*

DAVID N. HURD
United States District Judge

## **DECISION AND ORDER**

### I. **Background**

     Plaintiff, Rodney Frazier, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. *See* Dkt. Nos. 1, 2. In his *pro se* complaint, the plaintiff claims that his constitutional rights were violated by the defendant in connection with a criminal conviction entered in Onondaga County. *See* Dkt. No. 1. Plaintiff seeks compensatory and punitive damages, as well as immediate release from prison. *Id*. For the reasons stated below, plaintiff's section 1983 claims seeking compensatory and punitive damages are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 5.4(a) of the Local Rules of Practice of this District. His request for immediate release from incarceration will be recharacterized as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, subject to plaintiff's right to

object to this conversion in light of the potential legal consequences resulting from the contemplated change.

## II. Discussion

### A. Plaintiff's Complaint

Plaintiff has named Assistant District Attorney Kari Armstrong as the only defendant in this action. Plaintiff's claims against the defendant appear to be entirely related to her prosecution of the plaintiff. It is well-established, however, that prosecutors are absolutely immune from liability under section 1983 in matters involving the prosecution – or failure to prosecute – individuals. *See Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts, regardless of motivation, associated with the prosecutor's function, including conspiracies to present false evidence); *see also Schloss v. Bouse*, 876 F.2d 287, 290 (2d Cir. 1995) (prosecutor protected by absolute immunity in suit challenging failure to prosecute). Accordingly, the claims against defendant Armstrong must be dismissed.

For the reasons stated above, plaintiff's claims for compensatory and punitive damages arising under section 1983 against defendant Armstrong cannot be supported by an arguable basis in law and must therefore be dismissed pursuant to 28 U.S.C. § 1915(e) without opportunity to amend.[1]

---

[1] Although the customary practice is to allow a plaintiff to reframe a deficient complaint, *see* Fed. R. Civ. P. 15(a); *see also Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), such leave may be denied where amendment would be futile. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

### B. Plaintiff's Request for Immediate Release

Notably, in addition to seeking compensatory and punitive damages, plaintiff further requests his immediate release from incarceration. *See* Dkt. No. 1 at 6. To the extent that plaintiff seeks to alter the fact or duration of his confinement, he is advised that such relief may only be obtained by way of a habeas corpus petition brought pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("[c]ongress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity" of their underlying criminal conviction); *see also Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) ("habeas corpus – not a § 1983 action – provides the sole federal remedy where a state prisoner challenges the fact or duration of his imprisonment . . . .") (citing *Preiser*).

Since petitioner is a state prisoner challenging the duration or fact of his custody, this complaint likely is appropriately construed as a petition brought pursuant to 28 U.S.C. § 2254. *See Cook v. New York State Div. of Parole*, 321 F.3d 274 (2d Cir. 2003); *see also Brown v. Guiney*, No. 06-CV-55S, 2006 WL 1144499, at *2 (W.D.N.Y. Apr. 25, 2006). In light of Petitioner's *pro se* status, rather than dismissing this action in its entirety for seeking relief not available pursuant to 42 U.S.C.§ 1983, his complaint will be converted to a petition filed pursuant to 28 U.S.C. § 2254. *See Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997) (*pro se* petitions should be characterized by the relief sought, and not by the label given to them by *pro se* prisoners).

Before this section 1983 complaint can be converted to a petition under section 2254, however, plaintiff must be provided with notice of its intention to recharacterize the

petition. The plaintiff must then have an opportunity to object in light of the potentially significant consequences which result from application of the "second or successive" petition limitations of 28 U.S.C. §2244(b).[2] *Brown*, 2006 WL 1144499, at *2.

Accordingly, the plaintiff is put on notice, and is advised that this action is being converted to one brought pursuant to 28 U.S.C. § 2254; This conversion means that any subsequent section 2254 petitions will be subject to the restriction on the filing of "second" or "successive" petitions as set forth in 28 U.S.C. § 2244(b). Moreover, since this action is being converted to a section 2254 petition, it may also be subject to the one year limitation period set forth in § 2244(d)(1).[3] [4] The appropriate respondent is the Superintendent of

---

[2] Section 2244(b) provides in relevant part:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

[3] The plaintiff is being offered this notice despite the fact that at this point, it is unclear whether (1) such a petition is timely filed within the one-year statute of limitations period imposed by 28 U.S.C. § 2254; and (2) if the petition indeed is untimely, some basis exists to toll the statute of limitations.

[4] Section 2244(d) provides in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(continued...)

Five Points Correctional Facility, the facility where the plaintiff (who will now be regarded as the habeas petitioner) is currently incarcerated.

Plaintiff is therefore directed to file a response to this Order **within thirty (30) days** of the filing date, **either** (1) demonstrating why the present action should not be converted to a section 2254 petition; **or** (2) consenting to the conversion of this action to one filed pursuant to 28 U.S.C. § 2254. Petitioner's failure to respond to this Order within thirty days will result in the conversion of this section 1983 complaint to a habeas petition filed pursuant to 28 U.S.C. § 2254.

If plaintiff does consent to the conversion of this action to a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, he must file a petition which names the appropriate respondent. The Clerk will be directed to forward to plaintiff a blank form Petition for a Writ of Habeas Corpus Pursuant to Section 2254. If the plaintiff does not

---

[4](...continued)
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

consent to the conversion of this action to a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and does not show sufficient cause as to why he objects to this conversion, this action will be dismissed.

Accordingly, after reviewing plaintiff's complaint and the applicable law, it is

ORDERED that

1. Plaintiff's claims for compensatory and punitive damages arising under section 1983 against defendant Kari Armstrong are DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e);

2. Plaintiff is directed to file a response to this Order **within thirty (30) days** of the filing date **either** (1) demonstrating why the present action should not be construed as a section 2254 petition; **or** (2) consenting to the conversion of this action as one filed pursuant to 28 U.S.C. § 2254.  Plaintiff's failure to respond to this Order within thirty days will result in the conversion of this section 1983 complaint to a habeas petition filed pursuant to 28 U.S.C. § 2254;

3. Upon the filing of plaintiff's response, the Clerk is directed to forward the entire file to the Court for review;

4. If plaintiff fails to file a response within the time period set forth above, the complaint shall be converted to an action filed pursuant to 28 U.S.C. § 2254.  The Clerk of the Court will then correct the docket accordingly and forward this file to the Court for further review;

5. Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is DENIED without prejudice to further review once plaintiff has responded to this Order;[5]

6. The Clerk of the Court shall serve a copy of this Order on plaintiff, together with a blank form Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, in accordance with this Court's local rules.

IT IS SO ORDERED.

Dated:   September 24, 2008
         Utica, New York.

United States District Judge

---

[5] The plaintiff is advised that the filing fee for a petition seeking a writ of habeas corpus pursuant to section 2254 is $5.00.