UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~

RODNEY FRAZIER,
                        Plaintiff,
         vs.                              5:08-CV-914
                                            (DNH/DEP)

KARI ARMSTRONG, Assistant District Attorney,

                        Defendant.

~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~

APPEARANCES:                          OF COUNSEL:

RODNEY FRAZIER
Plaintiff, *pro se*

DAVID N. HURD
United States District Judge

## DECISION and ORDER

On August 25, 2008, plaintiff Rodney Frazier filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. *See* Dkt. Nos. 1, 2.

On September 24, 2008, this Court issued a Decision and Order relating to Frazier's action. *See* Dkt. No. 4 ("September Order"). In that decision, it was noted that Frazier's claims were based upon his criminal conviction in Onondaga County Court, and that the relief he sought in this matter included compensatory and punitive damages, as well as his immediate release from custody. *See id.* at pp. 1-3; *see also* Complaint at p. 5.

After review of his complaint, plaintiff's section 1983 claims were dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 5.4(a) of the Local Rules of Practice of this District,. *See* September Order at p. 2. With respect to the portion of his pleading

which sought his release from custody, it was noted that such relief could "only be obtained by way of a habeas corpus petition brought pursuant to 28 U.S.C. § 2254," and that this action should therefore be considered such a petition.  *See* September Order at p. 3.  However, because of the "potentially significant consequences which result from application of the 'second or successive' petition limitations of 28 U.S.C. §2244(b)," the September Order did not convert his complaint into a habeas corpus petition, but rather advised Frazier of the Court's intention to effectuate such a conversion and afforded him the opportunity to object to such re-characterization.  *See* September Order at pp. 3-4.

Frazier has failed to file any substantive response to the September Order.  Therefore, for the reasons stated in that decision, the pleading filed by Frazier in the present civil action is hereby converted into an application for a writ of habeas corpus.

It is further noted, however, that in a request Frazier submitted in which he sought an extension of the deadline by which he was to file a response to the September Order,[1] Frazier declared that his appeal in the related criminal matter "is pending in the Supreme Court Appellate Division, Fourth Department. . . ."  *See* Dkt. No. 5 at p. 1.

It is well-settled that a federal district court " 'may not grant the habeas petition of a state prisoner unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . .' "  *Shabazz v. Artuz*, 336 F.3d 154, 160 (2d Cir. 2003) (quoting *Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001)); *see also Ellman v. Davis*, 42 F.3d 144, 147 (2d Cir. 1994).  This is because "[s]tate courts, like federal courts, are

---

[1]  Frazier's extension request was granted, and he was afforded until November 28, 2008 within which to address the substance of the September Order.  *See* Dkt. No. 6.  To date, however, he has failed to file any document addressing the substance of that decision.

obliged to enforce federal law." *Galdamez v. Keane*, 394 F.3d 68, 72 (2d Cir. 2005) (quoting *O'Sullivan v. Boerckel*, 526 U.S. at 844-45 (1999)) (other citations omitted).  As the Supreme Court noted in *O'Sullivan*, "[c]omity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.* at 844 (citations omitted); *see also Galdamez*, 394 F.3d at 72 (citation omitted).[2]

It is clear from Frazier's extension request that he has not fully exhausted the claims that form the basis of the pleading he filed; he has specifically advised this Court that his criminal appeal is still pending with the Appellate Division.  *See* Dkt. No. 5.  Since it is clearly premature for Frazier to pursue a § 2254 petition in this District before his direct appeal of his conviction has been fully decided by the state courts, the remaining aspect of Frazier's pleading which has been converted into a § 2254 application, will be dismissed without prejudice.  After Frazier has fully exhausted any challenges to his conviction in the state courts, he may, if he so chooses, file an application seeking a writ of habeas corpus regarding that conviction in this District.

Turning to Frazier's *in forma pauperis* application (Dkt. No. 2), that submission establishes that he is indigent and that such request may properly be granted.

ACCORDINGLY, after having reviewed the documents filed in this action, the applicable law, and for the reasons discussed herein and in the September Order, it is

---

[2] This exhaustion requirement "reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan*, 526 U.S. at 845 (citations and internal quotation omitted); *see also Galdamez*, 394 F.3d at 72 (citation omitted).

ORDERED, that:

1. Frazier's *in forma pauperis* application (Dkt. No. 2) is GRANTED;

2. The Clerk is directed to convert the remaining portion of Frazier's complaint (Dkt. No. 1), which seeks his release from custody, into a HABEAS CORPUS PETITION UNDER 28 U.S.C.§ 2254 for the reasons stated herein and in the September Order;

3. Frazier's converted pleading (Dkt. No. 1) is DISMISSED WITHOUT PREJUDICE for the reasons discussed herein; and

4. The Clerk of Court is directed to serve a copy of this Decision and Order on Frazier by regular mail.

IT IS SO ORDERED.

Dated: December 16, 2008
       Utica, New York.

United States District Judge